El Paso & Southwestern Railroad Company v. Patrick O'Keefe.

Decided May 6, 1908.

**1.—Railroad—Defective Step on Caboose—Personal Injury—Charge Approved.**

In a suit by an employe against a railroad company for damages for personal injuries caused by a defective step or stirrup to a caboose, charge considered, and held not subject to the objection that it authorized a recovery by plaintiff if the step or stirrup was defective and dangerous and plaintiff knew such to be the case, even though defendant was not guilty of negligence in the premises.

**2.—Same—Inspection—Reasonable Diligence—Charge.**

In a suit by an employe against a railroad company based upon the negligence of the defendant in inspecting its cars, a charge which instructed the jury to return a verdict for the defendant if they believed from the evidence that the defendant exercised ordinary care to see that the equipment of the car in question was in reasonably safe condition "and was not guilty of negligence," was not subject to the objection that the words quoted added something to the duty of defendant beyond the exercise of ordinary care.

**3.—Same—Refusal of Special Charge—Practice.**

The refusal of a requested charge which, though proper in itself, is already embraced in the main charge, is not error.

**4.—Same—Charge Approved.**

In a suit for personal injuries, the following charge, to wit: "And if the permitting of the nut or lag screw fastening said step or stirrup to the sill of said car to become so loose and insecure and infirm as to permit said step or stirrup to move out of place, if such was the case, was under the facts negligence, etc." held, not subject to the objection that it assumed certain facts and was misleading.

**5.—Same—Contributory Negligence—Question of Fact.**

The refusal of the trial court to grant a new trial on the ground that the verdict of the jury against the defendant was contrary to the following charge, to wit: "You are charged that if you believe from the evidence that plaintiff attempted to get upon a moving car, and that in so doing he caught hold of a lower round of the ladder on said car with his foot in the stirrup, and placing himself in a stooping or squatting attitude, and that such attitude was a dangerous one, and that in taking such position plaintiff was guilty of negligence which caused or contributed to his injury, then you will find a verdict for the defendant," was not reversible error. The facts stated did not constitute contributory negligence as matter of law.

**6.—Same—Assumed Risk—Burden of Proof.**

In a suit for personal injuries, the burden is upon the defendant to develop

and sustain a defense of assumed risk, and in the absence of any evidence upon the issue it will not be presumed.

**7.—Same—Master and Servant—Servant not Required to Inspect.**

It is not the duty of a railroad employe to inspect the cars which he is required to use. He has the right to rely on the employer having exercised care to have them in a condition safe for use.

**8.—Same—Manner of Injury—Improbability.**

Although the manner in which a personal injury occurs, as testified to by the plaintiff and his witnesses, may seem improbable, the finding of the jury should not be disturbed unless it appears from the testimony that the occurrence was a physical impossibility.

**9.—Same—Measure of Damage—Charge Approved.**

In a suit for personal injuries, charge considered, and held not subject to the following objections:

(1) That it authorized double damages, and was confusing, indefinite and uncertain as to the damages which plaintiff was entitled to recover.

(2) That it authorized a recovery for loss of time both before and after the trial, when the pleadings did not allege such damage.

(3) That it failed to instruct the jury to take into consideration the earnings of plaintiff in other employment since the injury.

(4) That it was erroneous in not giving the jury every item which should be considered by them in arriving at the amount of the damages.

Error from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Patterson, Buckler & Woodson,* for plaintiff in error.

*Patterson & Wallace,* for defendant in error.

JAMES, CHIEF JUSTICE.—Appellee, a switchman of appellant, sued for damages for injury to his foot, caused as alleged through the negligence of appellant as follows: That in the performance of his duties plaintiff had occasion to climb upon a caboose and to use, in so doing, a sill step or stirrup which had been allowed to become defectively fastened and loose, and which would turn when used, and that in using it on this occasion it caused plaintiff to fall and his foot to be run over by the caboose wheels, inflicting upon him a serious and permanent injury.

Defendant answered by a general denial, pleas of contributory negligence and assumed risk, and unavoidable accident. Plaintiff obtained a verdict for $3500, which was reduced by remittitur to $2500.

We conclude as facts, in view of the verdict and the testimony, that defendant was negligent in having the stirrup in the loose condition it was in; that plaintiff received his injury through such negligence, and was not guilty of contributory negligence, and the risk of danger was not known to him and he did not assume it. The testimony adduced by plaintiff was not consistent in all particulars, but the jury could have found from it as a whole the facts involved in the foregoing conclusions.

The second assignment of error complains of this clause of the charge: "You are instructed that railway companies are not to be regarded as insurers of the safety of their employes, for under the

law they are not insurers, and one who enters the employment of a railway company assumes all risks that are ordinarily incident to the business, but he may assume that the railway company and its other servants and employes have exercised ordinary care to do their duty, and he does not assume the risk of any danger that may be brought about by the negligence of the railway company, or its other servants or employes, unless he knows of such negligence and the attendant risk, or in the ordinary discharge of his duty must necessarily have acquired the knowledge."

This is criticized in this, that defendant was not required to show that plaintiff knew of the negligence that caused or permitted the defect; that the paragraph is misleading because the jury may have believed that plaintiff knew the defect and danger but did not know of the negligence, because the jury may have believed that plaintiff was entitled to recover, although he knew of the defect and danger and yet defendant may not have been negligent.

We think the charge was a correct statement of the law. It is inconceivable how the servant could know the defect and danger, and not have the negligence of defendant suggested to him in connection therewith. So far as the last of the criticisms is concerned, viz.: that the defect and danger may have been known, and yet these may not have been due to any negligence of defendant, we see no harm in the charge from that point of view, when before the jury were required to consider the question of assumed risk or any other defense they must have found that the defect and danger were the result of defendant's negligence.

Third assignment of error: This complains of the following language that occurs in one of the charges: "But if you believe that the defendant acting through its inspectors and repairers exercised ordinary care to see that the equipment of said car was in reasonably safe condition and were not guilty of negligence, then and in that event your verdict will also be for the defendant company, for unless you believe from a preponderance of the evidence that the defendant was guilty of negligence, your verdict must be for the defendant."

The use of the words "and were not guilty of negligence" seems to be appellant's grievance in regard to this instruction. It contends that these words added something to its duty beyond the exercise of ordinary care. We think no average body of men would be misled into such an idea, where the court so clearly defined to them that negligence consisted of the failure to exercise ordinary care. This disposes also of what is contended by the fourth assignment.

The fifth complains of the refusal of this charge: "In this case the plaintiff alleges that he was injured by reason of the step or stirrup on defendant's caboose being loose and by his attempting to get on the car by putting his foot in the stirrup, and that in so doing the stirrup moved and he was thrown down and injured, and if you believe from the evidence that he was injured in any other manner than in the manner alleged by him, then you will find a verdict in favor of the defendant."

The propositions are that there was testimony that plaintiff fell from the car, also that he was injured by reason of having attempted

to jump on a moving car at night with his legs crossed, there was some improbability in plaintiff's testimony, hence this charge should have been given. The seventh paragraph of the charge permitted a recovery by plaintiff only upon the facts and theory which he had alleged, and instructed that unless they believed the facts set forth, to find for defendants. This covered the matter referred to in the requested instruction, and was not susceptible of being misunderstood. It virtually told them that plaintiff could not recover on any other state of facts.

The sixth assignment is overruled as the paragraph of the charge it refers to does not assume any fact, and was not misleading.

The seventh and eighth are also overruled as the testimony did not show plaintiff's contributory negligence as a matter of law.

The ninth is also overruled. It is based upon the idea that as there was no affirmative proof that plaintiff did not know of the defective condition of the stirrup, the presumption was that he knew it, and if he knew it he assumed the risk of using it; and furthermore upon the idea that the defect was patent and obvious and no reason appeared why he did not discover it before attempting to use it. It seems to us that the issue of assumed risk was one for the defendant to develop and sustain, and in the absence of any testimony bearing on the subject it would not be established by presumption. We find that plaintiff testified: "This was the first move I made after supper; the train was moving down the main line; I went down to the main line, took hold of it. I did not examine it." The same testimony is sufficient to dispose of the tenth assignment of error, which is that the verdict should have been for defendant for the reason that the condition was open to observation, and being patent, plaintiff was guilty of contributory negligence in failing to make use of his senses. The proposition under this assignment is that plaintiff was bound to use ordinary care to discover the defect in the step before using it. It was not his duty to inspect, and furthermore, he could rely on the company having exercised care to have it in a condition safe for use.

The eleventh and twelfth assignments claim that the verdict was against the undisputed evidence, and not founded upon any evidence: First, in that the testimony of plaintiff was that his foot was injured by the caboose wheel running over it, when it is a matter of common knowledge that a caboose could not run over a man's foot without cutting it off, or crushing or mangling the bones, and there was no evidence that a single bone of plaintiff's foot was broken; and, second, in that it was physically impossible for that portion (front part of the foot) to get under the car wheel, and plaintiff's testimony failed to show the exact manner in which he got hurt, or how it was possible for the front part of his foot to get under the car wheel where he fell, on his back with his toes pointing upward. These assignments are submitted upon the proposition that it was impossible for him to have fallen on his back or on his right side with his toes pointing upward, and the wheel to have run over the front part of his foot. The testimony of plaintiff and his brother was certainly sufficient to warrant the finding that plaintiff was using the stirrup in the effort to get up, that it was loose at the time and gave way with him, and that his foot

went under the straight edge of the car wheel which passed over the front part of it. The testimony did not disclose the physical impossibility of that happening which plaintiff testified did happen. The question was one for the jury.

Under the thirteenth and fourteenth we have this proposition: "The evidence showed with all reasonable certainty that this car had been inspected a short time before the accident and the step found to be in good condition, and the evidence failing to show that there was any reasonable probability of the step having been repaired before it was again examined the next morning and found to be in a good condition, the verdict should have been for the defendant."

There was evidence that inspectors had been at work with this train about an hour before the injury. There was evidence, however, from which the jury could have concluded that the inspection made was not a reasonably careful one. There was also evidence that the stirrup was examined just after the injury and it was loose, and the witness who so testified went with plaintiff to the hospital, and when he returned, soon afterward, he examined it again and found it had been tightened and placed in good condition.

The fifteenth claims that the verdict was contrary to the following instruction: "You are charged that if you believe from the evidence that plaintiff, in attempting to get on the caboose, slipped therefrom and that this was the proximate cause of his injury, or that he was injured by reason of having put his foot upon the journal box, then you will find for the defendant." The verdict was not of necessity in the face of this charge. The jury could have found that it was not a case of slipping, or that the proximate cause was not the placing of his foot on the journal box, but that had the stirrup been in order he would not have fallen and this was the real cause.

The sixteenth, seventeenth and eighteenth assignments are directed against the charge on the measure of damages. We copy it.

"If you find for the plaintiff and allow him damages, you will allow him such sum, if paid now, as you believe from the evidence will be a fair compensation for the injuries sustained by him; and in estimating his damages you will take into consideration the mental and physical pain suffered by him in consequence of his injury; and if you believe from the evidence that in consequence of his injury he will suffer pain in the future you will take that into consideration in estimating his damages; and if you believe that in consequence of his injury he has heretofore been prevented from laboring and earning money, and has lost time, you will take that into consideration in estimating his damages, and allow him the reasonable value of the time so heretofore lost by him, if any, in consequence of his injury; and if you believe from the evidence that in consequence of his injury his ability to labor and earn money in the future has been lessened you will take that also into consideration in estimating his damages, and allow him such sum, if paid now, as you believe from the evidence will be a fair compensation for his diminished capacity, if any, to labor and earn money in the future."

The points made are: 1st. It authorized double damages, or at any rate damages other than what would be a fair compensation for

the injury, and it was confusing, indefinite and uncertain as to the damages which plaintiff was entitled to recover.

2d. Plaintiff could not recover for loss of time up to the time of trial nor for loss of time in the future, without claiming same specifically in his petition, or at least making allegations sufficiently broad to include loss of time in the past as well as in the future.

3d. The petition being only for damages for decreased ability to earn money in the railroad business, and there being evidence that he had been earning money in the saloon business since the accident, the court should have told the jury that in estimating the damages for lost time to take into consideration what plaintiff earned in the other employment.

4th. The court having undertaken to specify all that the jury should consider in estimating plaintiff's damages, and the defendant being entitled to have the jury consider what the plaintiff had earned in the saloon business, the charge was erroneous in not giving the jury everything that should be considered by them in arriving at the amount plaintiff was entitled to.

There is nothing in the charge which tends to allow double damages and the charge was plain and intelligible in all respects.

The petition alleged the permanency of the injury; that by reason of it he has suffered and will continue to suffer in the future great bodily pain and mental anguish; that at the time of his injury he was 29 years of age, a strong, healthy, able-bodied man earning $125 per month, which earning capacity would have increased with his experience and years; that on account of the crippled condition of his foot he is unable to follow his business of railroading, in which he is skilled, and unable to stand a physical examination, and for this he has suffered great pecuniary loss. These allegations were sufficient to warrant the court in submitting the damages sustained by him up to the date of the trial and those in the future.

The charge was not objectionable in respect to not calling specific attention to the fact that plaintiff had some earning capacity left. The charge authorized damages in respect to time lost and earning capacity as plaintiff had sustained such losses, and no further. Any amplification or explanation of this charge, if desired, should have been asked.

We are unable to hold that the judgment is excessive and it is affirmed.

*Affirmed.*

Writ of error refused.